IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 3:12-CR-374-N |
| GLEN MURRAY MCDONALD (1) | § § | |

## PLEA AGREEMENT

Glen Murray McDonald, the defendant, Sam Adamo, the defendant's attorney, and the United States of America agree as follows:

1.  **Rights of the defendant**:   McDonald understands that he has the right

    a.   to plead not guilty;

    b.   to have a trial by jury;

    c.   to have his guilt proven beyond a reasonable doubt;

    d.   to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.   against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**:   McDonald waives these rights and pleads guilty to the offenses alleged in the indictment, that being, Count One, charging a violation of 18 U.S.C. § 2342(a), that is, trafficking in contraband cigarettes, and Count Two, charging a violation of 18 U.S.C. § 2315, that is, receiving counterfeit securities. McDonald understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3. **Sentence for Count One**: The minimum and maximum penalties the Court can impose for Count One include:

    a. imprisonment for a period not more than five years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment. If McDonald violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which McDonald agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Sentence for Count Two:** The minimum and maximum penalties the Court can impose for Count Two include:

    a. imprisonment for a period not more than ten years;

    b. a fine not to exceed $250,000;

    c. a term of supervised release of not more than three years, which is mandatory under the law and will follow any term of imprisonment. If McDonald violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

  e. restitution to victims or to the community, which is mandatory under the law, and which McDonald agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

  f. costs of incarceration and supervision; and

  g. forfeiture of property.

5. **Court's sentencing discretion and role of the Guidelines**: McDonald understands that the sentences in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. McDonald has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. McDonald will not be allowed to withdraw his pleas if his sentences are higher than expected. McDonald fully understands that the actual sentences imposed (so long as they are within the statutory maximum) are solely in the discretion of the Court.

6. **Mandatory special assessment**: McDonald agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessments in this case.

7. **Defendant's cooperation**: McDonald shall give complete and truthful information and/or testimony concerning his participation in the offenses of conviction. Upon demand, McDonald shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to

satisfy any fines or restitution. McDonald expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. McDonald fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of fines, are due and payable immediately. In the event the Court imposes a schedule for payment of restitution, McDonald agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation. McDonald understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

8. **Forfeiture of property**: McDonald agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. McDonald consents to entry of any orders or declarations of forfeiture regarding all such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. McDonald agrees to provide truthful information and evidence necessary for the government to forfeit such property. McDonald agrees to hold the government, its

officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

9. **Government's agreement**: The government will not bring any additional charges against McDonald based upon the conduct underlying and related to his pleas of guilty. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against McDonald or any property.

10. **Violation of agreement**: McDonald understands that if he violates any provision of this agreement, or if his guilty pleas are vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute McDonald for all offenses of which it has knowledge. In such event, McDonald waives any objections based upon delay in prosecution. If his pleas are vacated or withdrawn for any reason other than a finding that they were involuntary, McDonald also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

11. **Voluntary plea**: McDonald's pleas of guilty are freely and voluntarily made and are not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentences the Court will impose.

Plea Agreement - Page 5

12. **Waiver of right to appeal or otherwise challenge sentence**: McDonald waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences. He further waives his right to contest his convictions and sentences in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. McDonald, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13. **Representation of counsel**: McDonald has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. McDonald has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, McDonald has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[SIGNATURE PAGE TO FOLLOW]

AGREED TO AND SIGNED this 7th day of August, 2013.

                                              SARAH R. SALDAÑA
                                              UNITED STATES ATTORNEY

_____    _____
GLEN MURRAY MCDONALD      KATHERINE E. PFEIFLE
Defendant                                   Assistant United States Attorney
                                              Texas State Bar No. 24041912
                                              1100 Commerce Street, Third Floor
                                              Dallas, Texas   75242-1699
                                              Tel:  214.659.8693
_____    Fax: 214.659.8805
SAM D. ADAMO                            Email: Katherine.pfeifle@usdoj.gov
Attorney for Defendant

                                              _____
                                              GARY C. TROMBLAY
                                              Deputy Criminal Chief

## CERTIFICATE

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    8-6-13
GLEN MURRAY MCDONALD         Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____    8-6-13
SAM D. ADAMO                 Date
Attorney for Defendant

Plea Agreement - Page 8